UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CELEBRATION FAMILY CHURCH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:05CV966 CDP |
|  | ) |  |
| LODGING HOSPITALITY MANAGEMENT and STARWOOD HOTELS AND RESORTS WORLDWIDE, INC., | ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

Before me are defendants' motions to dismiss and/or motions to strike the pleadings. Defendants contend that plaintiff has failed to properly effectuate service of process and that plaintiff's counsel is not admitted to practice before this Court. Upon further review, I find that plaintiff's counsel is admitted to practice before this Court, but I will grant the defendants' motions to dismiss for plaintiff's failure to properly serve the defendants within the time provided by the Court.

On June 16, 2005, plaintiff Celebration Family Church filed an eleven-count complaint alleging, among other claims, that the defendants breached their contract with Celebration concerning meeting space at The Fountains Conference Center.

1

Summons were issued by the Clerk of this Court that same date. On September 15, 2005, Magistrate Judge Buckles[1] ordered Celebration to serve the defendants no later than October 14, 2005. In early October, Celebration requested and was issued Alias Summons for the two defendants. On October 19, 2005, Magistrate Judge Buckles granted Celebration an extension of time – until November 18, 2005 – to effectuate service upon the defendants.

November 18, 2005 has long since passed, and there is no evidence that either defendant has been served. None of the four Summons issued by the Clerk has been returned executed. Additionally, representatives of both defendants claim that Celebration has failed to personally serve anyone associated with either company. Although Celebration did send, via certified mail, a copy of the Summons and Complaint to both defendants, these mailings failed to satisfy the requirements for waiver of service under Fed. R. Civ. P. 4(d)(2). Specifically, these mailings did not contain a written notice of the commencement of the lawsuit and request that the defendant waive service of a summons, nor did they provide the defendants with a prepaid means of returning the waiver of service. See Fed. R. Civ. P. 4(d)(2). Celebration has failed to respond to any of the defendants' motions, and its time for

---

[1]Pursuant to this district's Local Rule 2.08(A), this case was randomly reassigned to this Court from Magistrate Judge Buckles on November 15, 2005.

doing so has expired.

Based on the record before me, I agree with the defendants that Celebration has failed to serve, or obtain a waiver of service from, either defendant within the generous amount of time provided by the Court. Pursuant to Fed. R. Civ. P. 4(m), this action must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [#'s 10 & 12] are granted.

A separate order of dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2005.